IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM LAFFERTY, and
SHERRY LAFFERTY,

            Plaintiffs,

v.                                            CIVIL ACTION NO. 3:09-0947

PAUL R. TAFFNER, and
MARTEN TRANSPORT, LTD.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs William and Sherry Lafferty's Motion for Default Judgment [doc. no. 19] and Defendant Paul R. Taffner's Motion to Set Aside Default and Motion to Dismiss [doc. no. 22]. For the following reasons, the Court **DENIES** Plaintiffs' Motion for Default Judgment, **GRANTS** Defendant Taffner's Motion to Set Aside Default, **DENIES** Defendant Taffner's Motion to Dismiss, and **DIRECTS** Plaintiffs to serve a copy of the Complaint upon Defendant Taffner on or before **April 19, 2010**.

On July 29, 2009, Plaintiffs filed this lawsuit in the Circuit Court of Putnam County against Defendant Taffner and Defendant Marten Transport, LTD for injuries sustained as a result of an automobile accident. Thereafter, Defendants removed the action to this Court.

At the time of the accident, Defendant Taffner was an employee of Marten Transport and he was driving one of its tractor trailers. It is undisputed that Defendant Taffner is a not a

resident of West Virginia, but he had sufficient contacts with the state to make him subject to its long arm statute. Therefore, Plaintiffs attempted service upon him under Rule 4(d)(1)(C) of the West Virginia Rules of Civil Procedure[1] and West Virginia Code § 56-3-33(a) and (c)[2] by delivering

---

[1]Rule 4(d)(1)(C) provides:

> **(d) Manner of Service.** Personal or substitute service shall be made in the following manner:
>
> (1) *Individuals*. Service upon an individual . . . may be made by:
>
>     \*    \*    \*
>
> (C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf[.]

W. Va. R. Civ. P. 4(d)(1)(C).

[2]West Virginia Code § 56-3-33(a) and (c) provide, in part:

> (a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in . . . [in this subsection] shall be deemed equivalent to an appointment by such nonresident of the Secretary of State . . . to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state[.]
>
>     \*    \*    \*
>
> (c) Service shall be made by leaving the original and two copies of both the summons and the complaint, . . . with the Secretary of State . . . and such service shall be sufficient upon such nonresident: Provided, That notice of such service and a copy of the summons and complaint shall forthwith be sent by

(continued...)

the Summons and Complaint to the West Virginia Secretary of State, which was Defendant Taffner's statutory attorney in fact. Pursuant to § 56-3-33(c), the Secretary of State then must send notice of service and a copy of the summons and complaint to the defendant, by registered or certified mail, return receipt requested, at his nonresident address to be signed by himself or his duly authorized agent. W. Va. Code § 56-3-33(c). In this case, that notice was sent to Marten Transport and a mail clerk employee for the company, Laurie Rodrigues, signed the return receipt.

It now appears, however, that Marten Transport had fired Defendant Taffner shortly after the accident and Defendant Taffner had not worked for the company for over sixteen months before the notice was sent. Thus, Defendant Taffner argues Ms. Rodrigues was not his "duly authorized agent" and could not accept service on his behalf. It also appears that, although Marten Transport made numerous efforts to contact Defendant Taffner, it was unable to do so until December 4, 2009, which is when Defendant Taffner first became aware of this lawsuit.

Meanwhile, on December 1, 2009, this Court directed the Clerk of this Court to enter default against Defendant Taffner pursuant to Rule 55(a) of the Federal Rules of Civil Procedure[3]

---

[2](...continued)
    registered or certified mail, return receipt requested, . . . by the Secretary of State to the defendant at his or her nonresident address and the defendant's return receipt signed by himself or herself or his or her duly authorized agent . . . .

W. Va. Code § 56-3-33(a) and (c), in part.

[3]Rule 55(a) of the Federal Rules of Civil Procedure provides: "**(a) Entering a Default.**
(continued...)

as he had not filed an Answer to the Complaint and the Court was unaware that there was a problem with service. The Court further directed Plaintiffs to file the appropriate motion and affidavits necessary to facilitate entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.[4] Plaintiffs timely complied with the Court's Order on December 21, 2009. After Plaintiffs filed their Motion for Default Judgment, Defendant Taffner filed his Motion to Set Aside Default and Motion to Dismiss. In the alternative to dismissal, Defendant Taffner requests the Court order that service be made within a specified time period pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[5]

---

[3](...continued)
When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

[4]Where, as here, a sum certain amount is not requested, Rule 55(b) states, in part, that "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b).

[5]Rule 4(m) of the Rules of Civil Procedure state, in part:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m), in part.

Given the current posture of this case, the Court finds good cause to set aside the default against Defendant Taffner as he was not properly served under West Virginia's long arm statute. However, the Court also finds that Plaintiffs have established good cause as to why Defendant Taffner was not properly served as Marten Transportation improperly accepted service on his behalf in August. Therefore, the Court finds that Plaintiffs should be given the opportunity to make proper service upon Defendant Taffner. Accordingly, the Court **GRANTS** Defendant Taffner's Motion to Set Aside Default, **DENIES** his Motion to Dismiss, **DENIES** Plaintiffs' Motion for Default Judgment, and **DIRECTS** Plaintiffs to serve Defendant Taffner on or before **April 19, 2010**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 12, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE