IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM LAFFERTY, and
SHERRY LAFFERTY,

                Plaintiffs,

v.                                                      CIVIL ACTION NO. 3:09-0947

PAUL R. TAFFNER, and
MARTEN TRANSPORT, LTD.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' Motion to Compel Payment of Prejudgment and Post Judgment Interest (Doc. #113) and Plaintiffs' Motion to Correct or Amend Judgment (Doc. #115). For the reasons stated below, Plaintiffs' motion to amend is **GRANTED** and the motion to compel is **DENIED as moot.**

**Analysis**

Trial in this case was held from May 11, 2010, to May 13, 2010. It resulted in a jury award in favor of Plaintiffs in the amount of $161,040.40, including $106,990.00 for past medical expenses and $29,050.40 for lost wages (for a total of 136,040.40 in special damages). Plaintiffs now move to compel, or in the alternative to amend or correct the judgment to include, prejudgment and post judgment interest. Plaintiff seeks prejudgment interest at a rate of 8.25% and post judgment interest at a rate of 3.9%. Defendant tendered a check to Plaintiffs for $161,424.30, on June 2, 2010, to cover the amount of the judgment plus $383.90 in post judgment interest calculated at the 3.9% rate requested by Plaintiffs. The only question remaining regarding post judgment interest, therefore,

is whether Plaintiffs are entitled to post judgment interest on the portion of the judgment not yet paid (i.e., on the prejudgment interest).

Defendants concede that prejudgment interest is mandatory pursuant to West Virginia Code § 56-6-31. *See Defs.' Resp. in Opp'n* (Doc. #114), 2 ("Defendants do not dispute that Plaintiffs were at one time eligible for an award of prejudgment interest based on the special damages as determined by the jury in this case."); *see also* Syl. Pt. 1, *Beard v. Lim*, 408 S.E.2d 772 (W. Va. 1991) ("Under *W.Va.Code*, 56-6-31, as amended, prejudgment interest on special damages or liquidated damages is recoverable as a matter of law and must be calculated and added to those damages by the trial court rather than by the jury.") (citing Syl. Pt. 1, *Grove ex rel. Grove v. Myers*, 382 S.E.2d 536 (W. Va. 1989)); *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999) (holding that state law governs the award of prejudgment interest in a diversity case); *Erickson Constr. Co., Inc. v. Morey*, 923 F.Supp. 878, 880 (S.D. W.Va. 1996) (applying W.Va. Code § 56-6-31 and finding prejudgment interest recoverable as a matter of law). Nonetheless, Defendants argue that the Plaintiffs in this case are no longer entitled to prejudgment interest because their request for the same is untimely. *See Defs.' Resp. in Opp'n* (Doc. #114); *Defs.' Resp. in Opp'n* (Doc. #116). Initially, Defendants argued that the motion to compel was untimely because Plaintiffs did not file it within the 14-day window for post-trial motions established by the Court. In their response to Plaintiffs' motion to amend, Defendants now argue that the latter motion is untimely because it was subject to a 10-day filing period pursuant to Rule 59(e).

The Court disagrees. Plaintiffs have framed their motions for prejudgment and post judgment interest as three distinct motions: (1) as a post-trial motion to compel; (2) as a Rule 59(e) motion to amend the judgment; and (3) as a Rule 60 motion to correct the judgment. The Court

finds Plaintiffs' motion appropriate under Rule 59(e). *See infra.* As a result, and in the interest of efficiency and judicial economy, the Court need only address the Rule 59(e) request. This is consistent with Defendants' briefing.

Pursuant to *Kosnoski v. Howley*, 33 F.3d 376 (4th Cir. 1994) and *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989), Defendants specifically ask the Court to consider Plaintiffs' motion as a Rule 59 motion. *See Defs.' Resp. in Opp'n* (Doc. #116), 5-7. Defendants then argue that the motion is untimely because the Rule sets out a 10-day filing period for post judgment motions to amend. The Court agrees with Defendants that the instant motion may be properly construed as a Rule 59(e) motion. *See Kosnoski*, 33 F.3d at 378 ("[A] post judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'") (quoting *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982)); *Osterneck*, 489 U.S. at 175 (holding post judgment motions for discretionary prejudgment interest are governed by Rule 59(e)); *id.* at 176 n. 3 (stating that the aforementioned holding shall apply to mandatory prejudgment interest). Unfortunately for Defendants, however, their response – which relies heavily on the assertion that Plaintiffs missed the 10-day window to file such a motion – quotes an old version of the Rule 59(e).

In 2009, Rule 59(e) was amended and the once 10-day filing period was expanded to 28 days. *See Fed.R.Civ.Pro. 59(e).* In this action, judgment was entered on May 14, 2010, and Plaintiffs filed their motion to amend on June 7, 2010, within the 28-day window. Accordingly, Plaintiffs' motion is timely and should be considered as such. As noted above, the issues of prejudgment and post judgment interest are addressed in West Virginia Code § 56-6-31. Under the statute, both forms of interest are mandatory. Therefore, they are included here, and Plaintiffs'

3

motion is **GRANTED** as follows.

The judgment is amended to include the following: Plaintiffs are awarded prejudgment interest in an amount consistent with West Virginia Code § 56-6-31 and the Administrative Order of the Supreme Court of Appeals of West Virginia issued on January 2, 2008, at a rate of 8.25%, and post judgment interest at a rate of 3.9%. The Court **ORDERS** Defendants pay Plaintiffs $24,383.91 in prejudgment interest[1] and post judgment interest at a rate of 3.9% or $2.61 per day, on the prejudgment interest, for the time from the entry of judgment until the judgment is paid in full.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

                ENTER:     June 14, 2010

                _____
                ROBERT C. CHAMBERS
                UNITED STATES DISTRICT JUDGE

---

[1] The interest amount was determined by applying a rate of 8.25% to the $136,040.40 award of special damages over the two-year and 63 day period between the accident on March 11, 2008, and the entry of judgment on May 14, 2010.